# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David H. Bramlett,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-16-00168-TUC-RCC<br><br>**ORDER** |

On February 22, 2019, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") in which he recommended that this Court deny Petitioner David H. Bramlett's Amended[] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 13). (Doc. 33.) Petitioner filed an objection (Doc. 24.) The Court finds a response is unnecessary for a fair adjudication of this matter. LRCiv 7.2(c). Upon review, the Court will deny the § 2254 Habeas Petition.

## *I.  Report and Recommendation: Standard of Review*

The standard the District Court uses when reviewing a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

1  magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

2  Moreover, "while the statute does not require the judge to review an issue *de novo* if no

3  objections are filed, it does not preclude further review by the district judge, *sua sponte* or

4  at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

5  ## II.    Petitioner's Objections

6  Petitioner states that he "objects generally to all of the conclusions of the Magistrate

7  Judge and hereby incorporates his Reply to the State's Limited Answer." (Doc. 40 at 2.)

8  This is an unacceptable basis for objection, and requires the Court to formulate Petitioner's

9  arguments for him and search throughout various filings to find his previous arguments.

10  Fed.R.Civ.P. 72(b) (objections must be specific); *see Indep. Towers of Wash. v. Wash.*, 350

11  F.3d 925, 929 (9th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in

12  briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

13  Petitioner's only specific argument is against Judge Macdonald's conclusion that

14  the Petition is untimely. Petitioner claims he is entitled to equitable tolling because the

15  video taken of him inappropriately touching his granddaughter, when shown in full,

16  demonstrates he is actually innocent of sexual molestation. (Doc. 40 at 2.) Since this video

17  was not reviewed by counsel until his state appeal, it is new evidence that should permit

18  his untimely § 2254 Petition.

19  ## III.    Statute of Limitations for Habeas Relief

20  A petitioner has one year from the time that his conviction becomes final to file a §

21  2254 habeas petition. 28 U.S.C. § 2244(d)(1). An untimely habeas petition is unreviewable

22  by this Court unless Petitioner can demonstrate cause for the default and prejudice. *Teague*

23  *v. Lane*, 489 U.S. 288, 298 (1989). Cause must be something outside of Petitioner's control.

24  *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice may only be shown if a petitioner

25  can demonstrate that the alleged errors "worked to his actual and substantial disadvantage,

26  infecting his entire trial with error of constitutional dimensions," *Murray*, 477 U.S. at 494,

27  or where a court's failure to consider the § 2254 habeas would result in a "fundamental

28  miscarriage of justice." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). A fundamental

miscarriage may occur with a demonstration of actual innocence. *Id.*

**IV.** **Discussion**

Petitioner does not dispute his § 2254 Habeas Petition is untimely. However, he claims he is entitled to equitable tolling because the full video was not reviewed until appeal, and the content shows that he is actually innocent of sexual molestation. This "new evidence" permits him to file an untimely § 2254 Petition and allows the Court to consider the merits.

The Court need not go into the merits because Petitioner's argument establishes neither innocence nor prejudice. The Court notes that not only was the jury provided with the full transcript of everything that transpired on the video footage, they were also given the full video and encouraged by defense counsel "to watch the entire Webcam because all of the context in which everything is being done is within that hour and a half of what's going on." (Doc. 33 at 2 (quoting Az. Ct. App. Mem. Decision, Ex. A, Doc. 17 at 4-5).) Because defense counsel argued that the jurors should take the incident in context and look at the full video, the video and argument were before the jury when the jury determined he was guilty of the offense. Petitioner even acknowledges that the jurors were in possession of this evidence and counsel's arguments during deliberations. (Doc. 40 at 7 (arguing error because counsel never presented the full video during trial).

Furthermore, the basis for Petitioner's claim of actual innocence is faulty. Petitioner argues that the full video shows that his granddaughter asked Petitioner to put a diaper on her and to "role play" and because of this he is actually innocent of molestation. (Doc. 40 at 4.) But, it was the inappropriate touching while putting on a diaper that resulted in his conviction for two counts of child molestation, not that his granddaughter asked for a diaper. He has not met the high standard for habeas requiring that he demonstrated "by clear and convincing evidence" that if the full video showing the granddaughter's desire to wear a diaper was played for the jury that "no reasonable factfinder would have found [him] guilty of the underlying offense." *See* 28 U.S.C. § 2254(e)(2)(B).

Moreover, Petitioner cannot show prejudice because the full video offered more

incriminating evidence against Petitioner, not less. As the the Arizona Court of Appeals' observed, "[a] detective testified that the unredacted version also showed Bramlett changing the diaper of one of J.D.'s younger brothers and "utter[ing], I like wiping girls, I don't like wiping boys. Feels good." (Doc. 33 at 2 (quoting Ariz. Ct. of App. Mem. Decision, Ex. A, Doc. 17 at 4-5 (second alteration in original).)

Petitioner also asserts that the footage is "new evidence" because it was only reviewed on appeal at the state level and this somehow forgives his untimeliness in federal habeas. (Doc. 40 at 4.) This does not explain why after his state appeal concluded and his conviction became final, Petitioner was not able to file a timely habeas petition within one year. Plus, as the Magistrate Judge aptly noted, the full video was admitted and given to the jury for deliberations and "[e]vidence that was admitted at trial cannot be newly discovered." (Doc. 33 at 25.)

After reviewing Petitioner's objections de novo, the Court finds the Magistrate Judge's conclusions well-reasoned and that Petitioner has not demonstrated actual innocence affording equitable tolling of the statute of limitations.

Accordingly, IT IS ORDERED:

1. Magistrate Judge Macdonald's Report and Recommendation is ADOPTED. (Doc. 33.)

2. Petitioner's Amended[] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DENIED. (Doc. 13.)

///

///

///

///

///

///

///

///

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

4. The Clerk of Court shall docket accordingly and close the case file in this matter. Dated this 1st day of July, 2019.

Honorable Raner C. Collins
Senior United States District Judge